FANNIE K. HARRISON vs. CHARLES W. HARRISON.

Third Judicial District, Bridgeport, October Term, 1919.

PRENTICE, C. J., WHEELER, BEACH, GAGER, and CASE, Js.

The amendment of a judgment or decree by the insertion of words which merely serve to render its language more definite and certain, does not work any change in its meaning or legal effect.

In the present case a divorce decree, rendered December 8th, 1916,

ordered the defendant to pay alimony to the amount of $6,000, of which $2,000 was to be paid March 1st, 1917, and $1,000 on the first day of March in each succeeding year until the $6,000 should have been fully paid; and furthermore required the defendant to pay to the plaintiff the sum of $15 per week during her life for her support and that of her child, with stay of execution until the day after the respective dates when "said payments" were to be made. In July, 1919, on motion of the plaintiff, the court ordered the words "annual and weekly" to be inserted between the words "said" and "payments." *Held:*—

1. That such insertion worked no material alteration or change in the judgment as originally rendered, but only clarified its meaning.

2. That neither the original nor amended order affected or purported to affect, in any respect whatever, the attachment made at the commencement of the action, or any lien that might have been acquired thereby, but designedly left all questions touching the extent to which the plaintiff was protected by the existence of the attachment open for further judicial determination in proper proceedings.

Where all the facts involved in an appeal are apparent upon the record, no finding or further action by the trial judge is necessary.

·Argued October 31st, 1919—decided January 29th, 1920.

APPEAL by the defendant in an action for divorce, from an order of the Superior Court in New Haven County, *Curtis, J.*, made July 3d, 1919, whereby the original judgment rendered December 8th, 1916, was claimed to have been materially altered to the prejudice of the defendant. *No error.*

In this court the appellee (plaintiff) filed a motion to erase the appeal because it was not properly and seasonably taken, and also a plea in abatement to the same effect. *Motion denied and plea overruled.*

On December 8th, 1916, the Superior Court in New Haven County granted to the plaintiff a divorce from the defendant, and awarded to her the care, custody and education of a minor child of their marriage. It also ordered that the defendant pay to the plaintiff the sum of $6,000, in payments of $2,000 on March 1st, 1917, and $1,000 on the first day of March in each succeeding year until the $6,000 should be fully paid, and

furthermore, to quote the language of the judgment-file, that he "pay to the plaintiff from his income the sum of $15 per week during her life, as alimony for the plaintiff and support for the child, with stay of execution until the day after the respective dates when said payments are to be made." The $6,000 having been paid, the defendant, in April, 1919, made application that the judgment be modified by striking out from the passage above quoted the words "the day after the respective dates when said payments are to be made," and substitute in lieu thereof the words, "said sum of $6,000 has been fully paid." This motion was denied on April 22d, 1919. Thereupon the plaintiff filed a motion that the judgment-file be made certain by adding to the quoted words the words "including the weekly payments." On June 21st, 1919, the court filed a memorandum of decision concerning its action upon the defendant's application, in which it was stated that the court was "of the opinion that the plaintiff's contention, to the effect that the attachment in this divorce action is effective to protect the plaintiff as to any pecuniary allowances made to her by way of alimony, should not be overruled by the court's making the modification applied for; in other words, that the terms of the judgment in so far as they recognize the continuance of an attachment, if at all, should not be changed upon such an application so as to apparently affect the attachment." On July 3d, 1919, it filed another memorandum directing that the judgment, as originally rendered, should stand except that the words "annual and weekly" be inserted before the word "payments" in its last line. On the same day the modification was formally entered up, and on August 30th the appeal was filed.

*Omar W. Platt*, for the appellant (defendant).

*Seymour C. Loomis,* for the appellee (plaintiff).

PRENTICE, C. J.   This appeal is taken from the action of the court on July 3d, 1919, whereby the judgment rendered in 1916 was in terms modified by the insertion of the words "annual and weekly," before the word "payments" in its last line.   Such it was in form, and such in legal effect it must, of necessity, be regarded. The original judgment had long since passed beyond the reach of an appeal when this one was taken.   So, also, had the denial on April 22d, 1919, of the defendant's application.   Any claims of harmful error, which our practice left open for the defendant to make when he took his appeal, was accordingly limited to such as related to the change in phraseology of the judgment-file made by the July order.   It is, therefore, essential that the appellant, as the first step in the prosecution of his appeal, should show that the inserted words wrought a material change in the import of the judgment-file.   If they did not, the defendant was not harmed and has no cause of complaint.   It would appear that they were inserted for the purpose of giving greater certainty to the language of the judgment-file. But assuming that they accomplished that end, as they undoubtedly did, it by no means follows that the purport and effect of the amended language differ from that of the unamended as it would be construed.   In fact, increase of certainty implies the absence of material change rather than otherwise, and evidently, judging by the court's memorandum, it looked upon the modification it made as not altering the meaning and effect of the judgment.

What is the fact of the situation before us?   The inserted words remove from the language of the order as originally framed any possibility of ambiguity that might be attributed to it, and makes it absolutely cer-

tain that the "said payments" referred to include all those ordered to be made, whether annual or weekly. Unamended the order was doubtless less definite and precise than it is in its present shape, but while that may be so, there can be no reasonable doubt that its meaning and intent as first framed has remained unchanged. Its language, construed according to its ordinary and natural meaning, leads directly to that conclusion. "Said payments," as used in the original, as appropriately refers to and includes the one class of payments, to wit, the weekly, as the other, the yearly.

But that is by no means all. Neither the original nor the amended order purports to define either the extent of the lien obtained through the attachment made, or the protection which the plaintiff might derive from it. The utmost that either purports to do is to prescribe a stay of execution. What authority existed for that action we have no occasion to inquire. Our present interest is confined to the matter of the existence of an attachment lien covering the payments ordered. Whatever virtue the attachment, made when the divorce proceeding was begun, possessed, as providing security for the satisfaction of the judgment which the plaintiff therein might obtain, was derived from our statutes authorizing and governing attachments, and not at all from the authority of the court having cognizance of the action. It had no original or inherent jurisdiction over that matter, which is one of legislative concern, and none had been confered upon it. Whether or not, therefore, the plaintiff, when she made her attachment, thereby obtained security for her husband's compliance with any or all orders requiring of him future periodic payments by way of alimony which might be incorporated in the judgment of the court, and if so, what orders, are questions to be determined upon our statutes, and their answer is not dependent in any respect upon the

mandate of court. The rights of the defendant could not, therefore, have been harmfully affected by the action appealed from, which, as the court's memorandum shows, was designed to and did leave open for future judicial determination in proper proceedings all questions touching the extent to which the plaintiff was protected by the existence of the attachment.

Upon the appearance of the case in this court a plea to the jurisdiction and a motion to erase it from the docket were filed by the plaintiff. The reasons assigned were that "the appellant did not file any request for a finding nor any proposed finding, nor was any finding ever made by the court or judge who tried the case, as to the facts upon which the judgment appealed from was rendered; and because the notice of appeal and the appeal were not filed within the period provided by the statutues in such cases."

No finding was necessary, as all the facts involved in the appeal were apparent upon the record. General Statutes, §§ 5823, 5824. As the appeal was one taken from an order passed July 3d, 1919, and not from any prior judgment or order, it was properly and seasonably taken. The plea was accordingly overruled and the motion denied.

There is no error.

In this opinion the other judges concurred.