## MAURICE FILIPETTI *v.* NELLIE FILIPETTI ET AL. (2435)

DANNEHY, C.P.J., HULL and SPALLONE, Js.

Argued June 5—decision released August 21, 1984

*William J. Sweeney, Jr.,* with whom, on the brief, was *Thomas P. Griffen,* for the appellants (defendants).

*Thomas B. Griglun,* for the appellee (plaintiff).

SPALLONE, J. This is an appeal[1] from the trial court's decision partitioning real property and from that court's valuation of one of the resulting parcels. At the com-

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

mencement of this action, the four defendants and the plaintiff[2] each owned an undivided one-fifth interest in three parcels of real property located in Bristol. For the purposes of trial and appraisal, the parties and the court described the land as four parcels.

The first parcel (parcel A-1) consists of approximately thirty-eight acres of undeveloped land situated between a large development of single family homes to the north and an industrial plant to the south. Parcel A-1 was zoned for single family homes, but condominiums and apartments were allowed by special permit. The second parcel (parcel A-2) consists of approximately one-half acre and includes a very old residential structure. The third parcel (parcel B) consists of 5.1 acres zoned for apartments, bounded on the north and south by existing apartment houses and on the east by open land and a lake, owned by the city of Bristol. The fourth parcel (parcel C) consists of approximately one-quarter acre and included a residential structure.

After a full hearing, the court appraised the four parcels as follows: The court determined that the highest and best use for parcel A-1 was condominiums and valued the parcel at $959,000; parcel A-2 was valued at $54,000; that the best use for parcel B was for apartments and valued it at $296,400; and parcel C was valued at $65,000. The court concluded that the interests of the parties would be best served if the four defendants were treated as one entity and the plaintiff as another. The court found the total value of all the parcels to be $1,374,400 and attributed a one-fifth interest or $274,880 to each of the five tenants in common. The court also concluded that a partition in kind would better promote the interests of the parties than a sale, and ordered that the ownership of parcels A-1, A-2, and C be vested in the four defendants as tenants in com-

---

[2] The defendants are brothers and sisters. The plaintiff acquired his interest by virtue of a conveyance from his wife, a sister of the defendants.

mon, and that parcel B be vested in the plaintiff. In order to balance the proportionate interests, the court ordered the plaintiff to pay to the collective defendants the sum of $21,520.

The defendants have appealed from the judgment, claiming that the trial court erred in ordering a partition in kind rather than by sale, in valuing parcel A-1 at $959,000 and in ordering the plaintiff to pay $21,500 to the collective defendants.

The court properly concluded that the best interests of the parties would be served by a partition in kind. Where land is owned by two or more persons, the court is empowered by statute to order a physical partition of the land. General Statutes § 52-495. If a partition by sale will better promote the interests of the owners, the court may order such a sale under General Statutes § 52-500. In the present case a physical partition was preferable. A sale will be ordered only when (1) the physical attributes of the land are such that a partition in kind is impracticable or inequitable, and (2) the interests of the owners will be better promoted by sale and a division of the proceeds of the sale according to their respective interests. *Delfino* v. *Vealencis,* 181 Conn. 533, 537–38, 436 A.2d 27 (1980). If the physical partition results in unequal values, a money award can be made to equalize the shares. 4A Powell, Real Property § 612, pp. 653–54; 2 American Law of Property, Partition § 6.26, p. 113.

The court's valuation of parcel A-1 at $959,000 was also proper. In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved. *E & F Realty Co.* v. *Commissioner of Transportation,* 173 Conn. 247, 253, 377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the

evidence, his general knowledge and his viewing of the premises. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 220, 435 A.2d 24 (1980); *Birnbaum* v. *Ives,* 163 Conn. 12, 21, 301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert, offered by one party or the other, in whole or in part. *Smith* v. *Smith,* 183 Conn. 121, 123, 438 A.2d 842 (1981); *Richard* v. *A. Waldman & Sons, Inc.,* 155 Conn. 343, 348, 232 A.2d 307 (1967); see also *Pandolphe's Auto Parts, Inc.* v. *Manchester,* supra, 221. Ultimately, the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. *Moss* v. *New Haven Redevelopment Agency,* 146 Conn. 421, 425, 151 A.2d 693 (1959).

The defendants claim that the trier erroneously based his valuation, in part, on the speculation that the city would issue the special permit required for the construction of condominiums. The record contradicts this claim. There is sufficient evidence to support the proposition that the valuation took into consideration the difficulties, expenses, and time delays that would result from the filing of an application for the required special permit.

Moreover the court properly ordered the plaintiff to pay to the defendants the sum of $21,520 in order to balance the proportionate interests of the collective defendants. The ordering of a payment, where required, to equalize the proportionate shares of the parties, is a sensible and reasonable exercise of the court's discretion. See *Delfino* v. *Vealencis,* supra, 536 n.7. It would be almost impossible to divide land into fractional parts each reflecting an exact dollar amount of valuation. The court has the power and authority

to order such payments to facilitate an equitable and fair division. 4A Powell, supra; 2 American Law of Property, supra.

There is no error.

In this opinion the other judges concurred.