RAYMOND F. LAMONT, SR., ET AL. *v.* TOWN OF NEW
HARTFORD
(3029)

DUPONT, C.P.J., BORDEN and SPALLONE, Js.

Argued April 9—decision released June 18, 1985

*Michael P. Barry,* for the appellants (plaintiffs).

*John W. Pickard,* for the appellee (defendant).

SPALLONE, J. The plaintiffs have appealed from a judgment of the trial court dismissing their appeal to the Superior Court from the board of tax review of the defendant town of New Hartford.

The plaintiffs' property, consisting of two parcels of land and a building, was originally assessed at $87,320. The plaintiffs appealed from that assessment to the

board of tax review which reduced the total assessment to $83,670, arrived at as follows:

| | |
|---|---:|
| Land | $13,030 |
| Building | 65,930 |
| Other Land | 4,710 |
| | $83,670 |

The plaintiffs then appealed to the Superior Court, claiming that the assessment as adjusted was unlawful and excessive. At trial, each party produced a real estate appraiser to testify as to the value of the property. The plaintiffs' appraiser testified that the assessed value of the building and land[1] was $61,600. The defendant's appraiser testified that the assessed value was $77,800. The defendant's appraiser also testified that the defendant's adjusted assessment of the land at $13,030 and the building at $65,930 resulted in an overvaluation of the property by $980. Upon cross-examination, however, he stated that he did not consider that overvaluation significant.

The trial court dismissed the appeal, finding in a memorandum of decision dated December 22, 1983, that the assessment as adjusted was fair, just and reasonable. The plaintiffs thereafter moved to set aside the judgment on the ground that it was not supported by the evidence. The court refused to vacate the judgment, but on its own motion filed a substitute memorandum of decision in which it corrected its terminology with regard to the fair market value of the property.

In their appeal to this court, the plaintiffs claim that the trial court erred, first, in ruling that the overvaluation was not significant enough to justify sustaining their appeal and, second, in filing the corrected memorandum of decision, rather than granting their motion to set aside the judgment. We find no error.

---

[1] The value of the "other land" was never in dispute.

The $980 variance in valuation arose from the difference between the assessed value of the property and its appraiser's opinion of what the value should be. The valuation of property for assessment purposes presents a question of fact. *Gorin's, Inc.* v. *Board of Tax Review,* 178 Conn. 606, 607, 424 A.2d 282 (1979). In determining the value of property, a court is aided ordinarily by the opinions of expert witnesses. *Hartford Federal Savings & Loan Assn.* v. *Tucker,* 196 Conn. 172, 183, 491 A.2d 1084 (1985). "It is axiomatic that the determination of the credibility of expert witnesses and the weight to be accorded their testimony is within the province of the trier of facts, who is privileged to adopt whatever testimony he reasonably believes to be credible." Id. While the court is legally required to consider everything that might legitimately affect value, it is not bound by the opinion of expert witnesses. *New Haven Savings Bank* v. *West Haven Sound Development,* 190 Conn. 60, 69, 459 A.2d 999 (1983).

"In valuating property the trial court is charged with the duty of making an independent valuation of the property involved. *E & F Realty Co.* v. *Commissioner of Transportation,* 173 Conn. 247, 253, 377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence, his general knowledge and his viewing of the premises. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 220, 435 A.2d 24 (1980); *Birnbaum* v. *Ives,* 163 Conn. 12, 21, 301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert, offered by one party or the other, in whole or in part. *Smith* v. *Smith,* 183 Conn. 121, 123, 438 A.2d 842 (1981); *Richard* v. *A. Waldman & Sons, Inc.,* 155 Conn. 343, 348, 232 A.2d 307 (1967); see also *Pandolphe's Auto Parts, Inc.* v. *Manchester,* supra, 221. Ultimately, the

determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. *Moss* v. *New Haven Redevelopment Agency,* 146 Conn. 421, 425, 151 A.2d 693 (1959)." *Filipetti* v. *Filipetti,* 2 Conn. App. 456, 458–59, 479 A.2d 1229 (1984); see *Hartford Federal Savings & Loan Assn.* v. *Tucker,* supra, 183. The trial court did not err in refusing to sustain this appeal on the basis of the appraiser's testimony that the property had been overassessed by $980.

There is no merit in the argument that the trial court erred in correcting its memorandum of decision. The original memorandum of decision erroneously used the term "assessment" when it should have used "fair market value" in referring to the testimony of the appraisers. This error was brought to the attention of the trial court when the plaintiffs moved to set aside the judgment. The trial court denied the motion, stating that the error did not affect the outcome of the case and that if the plaintiffs appealed it would file a corrected memorandum. On February 23, 1984, after this appeal was taken, the trial court filed, sua sponte, a corrected memorandum in which the proper terms were used.

"It is axiomatic that courts have the power and the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake." *American Trucking Assns.* v. *Frisco Transportation Co.,* 358 U.S. 133, 145, 79 S. Ct. 170, 3 L. Ed. 2d 172 (1958); see Practice Book § 326; *Steve Viglione Sheet Metal Co.* v. *Sakonchick,* 190 Conn. 707, 710, 462 A.2d 1037 (1983). If a memorandum incorrectly formalizes the decision that was reached in deliberation, it should be corrected. "Their correction does not undercut the decisional process but seeks to

give its outcome accurate expression." Restatement (Second) Judgments § 71(e); see *Sibley* v. *Middlefield*, 143 Conn. 100, 109, 120 A.2d 77 (1956). The correction which the trial court made in this case was, in legal effect, one of form, rather than substance. It did not change the import of the judgment. See *Harrison* v. *Harrison*, 94 Conn. 280, 283, 108 A. 800 (1920).

The action of a trial court in refusing to vacate a judgment falls generally within the court's judicial discretion. *Steve Viglione Sheet Metal Co.* v. *Sakonchick*, supra, 711. Where the exercise of judicial discretion is required, its exercise will not be disturbed on appeal unless it clearly appears that this discretion has been abused. Id.; *Montanaro Bros. Builders, Inc.* v. *Snow*, 4 Conn. App. 46, 54, 492 A.2d 223 (1985). Reversal on the ground of abuse of discretion "will be required only where the abuse is manifest or where injustice appears to have been done." *Montanaro Bros. Builders, Inc.* v. *Snow*, supra. This is not such a case.

There is no error.

In this opinion the other judges concurred.