## BERNARD LEVY *v.* SALLY LEVY
### (5777)

SPALLONE, NORCOTT and FOTI, Js.

Argued March 8—decision released March 28, 1988

*Robert L. Hirtle, Jr.,* with whom, on the brief, was *Mark A. Rosenblum,* for the appellant-appellee (plaintiff).

*Hugh F. Keefe,* with whom, on the brief, was *Michael J. McClary,* for the appellee-appellant (defendant).

PER CURIAM. Our review of the record in this appeal indicates that the only question properly before us is whether the trial court abused its discretion in refusing to grant both the plaintiff's and the defendant's motions to open the judgment in this action to dissolve their marriage.

The plaintiff appealed and the defendant cross-appealed from the trial court's denial of their respective motions to open the judgment. Subsequently, we denied the parties' later motions for permission to amend their jurisdictional statements to include review of the underlying judgment rendered by the trial court. We also denied both parties' motions to reconsider our decision denying their motions for permission to amend.

801

Nothing in the record, transcripts and briefs supports any contention that, in denying the parties' motions to open the judgment, the trial court abused its discretion. See, e.g., *Viglione Sheet Metal Co.* v. *Sakonchick,* 190 Conn. 707, 711, 462 A.2d 1037 (1983); *Lamont* v. *New Hartford,* 4 Conn. App. 303, 307, 493 A.2d 298 (1985). Where the exercise of judicial discretion is called upon, its exercise will not ordinarily be interfered with on appeal. *Sturman* v. *Socha,* 191 Conn. 1, 7, 463 A.2d 527 (1983); *Montanaro Bros. Builders, Inc.* v. *Snow,* 4 Conn. App. 46, 54, 492 A.2d 223 (1985).

There is no error.