## FRANK J. RICE *v.* KEVIN V. DOWLING, TRUSTEE, ET AL.
### (7947)

DUPONT, C. J., NORCOTT and LANDAU, Js.

Argued September 14—decision released November 6, 1990

*Victor J. Dowling,* with whom was *Victor J. Dowling, Jr.,* for the appellant (named defendant).

*John J. Kindl,* with whom, on the brief, was *Peter G. Perakos II,* for the appellee (plaintiff).

LANDAU, J. The named defendant,[1] a tenant in common with the plaintiff, appeals from the trial court's

---

[1] The metropolitan district commission, which holds a waterline easement across the property, was originally named as a defendant. Although the

judgment ordering that the property in question be subject to partition by sale. The defendant claims that the court improperly (1) denied the defendant's request for the appointment of a committee pursuant to General Statutes § 52-495, (2) relied upon speculative testimony of expert witnesses, and (3) concluded that partition by sale would better promote the interests of the parties. We affirm the trial court's judgment.

The following facts are relevant to the disposition of this appeal. The plaintiff and the defendant are tenants in common of approximately forty-four acres of undeveloped land located on the south side of South Road in Farmington (parcel A). The western portion of this parcel slopes steeply 80 to 100 feet higher than the eastern portion. These slopes offer panoramic views of the Hartford skyline. The eastern portion contains areas of wetlands. The metropolitan district commission's waterline easement is also located primarily on the eastern portion of the land. Each party owns additional property abutting the commonly owned property. The defendant individually owns property on the northern border of the property, below South Road (parcel B), as well as 80 acres to the south of the property at issue (parcel C).

The plaintiff and his wife are in their seventies. He is no longer able to work a full day and his wife is ill, requiring the aid of portable oxygen to breathe. They have no assets other than the common property. The plaintiff and his wife, initially sole owners of the property at issue, conveyed a one-half interest to another cotenant in 1964. Approximately one acre was later carved out from the original property and was conveyed

commission filed an appearance, it took no position by way of pleadings or appearance at trial. Kevin Dowling is trustee for DAD Associates, a trust created by him for the benefit of himself, his wife and their three daughters. We will refer to Dowling as the defendant in this opinion.

to the plaintiff and his wife (parcel D). The plaintiff and his wife have had sole ownership and occupation of this one acre parcel, from which the plaintiff operates a gardening business. In 1977, the defendant acquired an undivided one-half interest from the prior cotenant.

Metropolitan District
30' Right of Way

In 1987, the plaintiff brought an action in the trial court seeking a partition by sale of the property pursuant to General Statutes § 52-495.[2] At trial, the

---

[2] General Statutes § 52-495 provides: "Courts having jurisdiction of actions for equitable relief may, upon the complaint of any person interested, order partition of any real property held in joint tenancy, tenancy in common, coparcenary or by tenants in tail. The court may appoint a committee to partition any such property. Any decrees partitioning entailed estates shall bind the parties and all persons who thereafter claim title to the property as heirs of their bodies."

defendant argued for a partition in kind and suggested that he receive a western portion of the land and that the plaintiff receive an eastern portion of the land.

I

The defendant asserts that pursuant to General Statutes § 52-495, the court should have appointed a committee to determine whether a physical partition of the property was practicable. Section 52-495 gives discretionary authority to courts of equitable jurisdiction to order, upon the complaint of any interested person, the physical partition of any real estate held by tenants in common, and to appoint a committee to partition such property. If the court, however, finds that a sale of property would better promote the interests of the owners, the court may order such a sale pursuant to § 52-500.[3] *Delfino* v. *Vealencis,* 181 Conn. 533, 536, 436 A.2d 27 (1980).

Notwithstanding the defendant's assertion that General Statutes § 52-495 requires the court, upon an interested person's request, to appoint a committee to determine the practicability of partition, the law is well settled that it is the province of the court to determine the practicability of partition in kind or partition by sale. See *Wilcox* v. *Willard Shopping Center Associates,* 208 Conn. 318, 325, 544 A.2d 1207 (1988); *Delfino* v. *Vealencis,* supra. As early as 1882, it was recognized that the partition statute "permits a court of equity to order a sale when in its opinion a sale will better promote the interest of the owners." *Johnson* v. *Olmsted,* 49 Conn. 509, 517 (1882).

---

[3] General Statutes § 52-500 (a) provides in pertinent part: "Any court of equitable jurisdiction may, upon the complaint of any person interested, order the sale of any property, real or personal, owned by two or more persons, when, in the opinion of the court, a sale will better promote the interests of the owners."

It is therefore within the discretion of the court to order a partition in kind or a partition by sale in furtherance of the best interests of the parties. Pursuant to General Statutes § 52-495, a committee is appointed by the court only after a court determines that the property should be partitioned in kind. A thorough reading of *Johnson* and its progeny, as well as the plain meaning of General Statutes §§ 52-495 and 52-500, indicate that the court itself determines the type of partition. See, e.g., *Wilcox* v. *Willard Shopping Center Associates,* supra. Because the trial court determined that the property in question should be partitioned by sale, the trial court properly refused to grant the defendant's request for a committee.

## II

The defendant raises several evidentiary claims that question whether the court (1) based its decision upon an erroneous belief of the applicability of General Statutes § 8-25, (2) improperly relied upon speculative testimony of the expert witnesses and testimony based on the premise that a partition in kind required an equal division of the total acreage, and (3) improperly overruled the defendant's objection to an opinion question relative to an equal partition in kind.

With regard to the defendant's first evidentiary claim, the trial court, in response to a motion for articulation, clearly stated that the applicability or inapplicability of General Statutes § 8-25 to a partition in kind of the property "was of little or no significance in the court's conclusion." Section 8-25 governs the subdivision of land for purposes of planning and zoning. Because the court did not rely on this statute in reaching its decision, there is no basis for the defendant's claim.

The remaining two evidentiary questions relate primarily to the trial court's admission of, and reliance on, the testimony of expert witnesses. Expert testi-

mony may be based either on facts personally observed or on facts testified to by other witnesses and included in a hypothetical question. *Donch* v. *Kardos,* 149 Conn. 196, 201, 177 A.2d 801 (1962); C. Tait & J. LaPlante, Connecticut Evidence (1988) § 7.16.8 (a). The admissibility of hypothetical questions is within the purview of the trial court. It is within the court's discretion to determine "whether the question, even though it does not contain all of the facts in evidence, presents the facts in such a manner that they bear a true and fair relationship to each other and to the whole evidence in the case . . . ." *Shelnitz* v. *Greenberg,* 200 Conn. 58, 77, 509 A.2d 1023 (1986); *Floyd* v. *Fruit Industries, Inc.,* 144 Conn. 659, 666, 136 A.2d 918 (1957). Once admitted, the trier of fact may accept part or all of an expert's testimony and may accept the testimony of the experts offered by one party and reject that of the experts offered by the other. *Blakeman* v. *Tobin,* 177 Conn. 597, 599, 419 A.2d 336 (1979); *National Folding Box* v. *New Haven,* 146 Conn. 578, 586, 153 A.2d 420 (1959).

The defendant's main objection is to a line of questions that the defendant claims were based on the assumption that no alternative to an equal division of the total acreage existed. Such questions were reasonably related to the issues in this case and therefore admissible. Once the testimony was admitted, the defendant could have refuted any objectionable testimony by adding or eliminating facts to questions during cross-examination of the witness or by offering the testimony of other experts. *Pischitto* v. *Waldron,* 147 Conn. 171, 177, 158 A.2d 168 (1960); *Nielson* v. *D'Angelo,* 1 Conn. App. 239, 247, 471 A.2d 965, cert. denied, 193 Conn. 801, 474 A.2d 1259 (1984). In fact, the defendant's own expert witness offered an alternative to a partition in kind into two equal parcels.

We are limited in our review in this case to a determination of whether the trial court, exercising its broad

discretion and in light of the circumstances of the case, could legally act as it did. *Birgel* v. *Heintz,* 163 Conn. 23, 26, 301 A.2d 249 (1972); *State* v. *Devanney,* 12 Conn. App. 288, 291, 530 A.2d 650 (1987). In light of the circumstances of this case, we conclude that the trial court acted reasonably and did not abuse its discretion in admitting the hypothetical questions at issue. We therefore uphold the trial court's actions.

## III

The defendant's third claim is that the trial court improperly concluded that partition by sale, rather than partition in kind, would better promote the interests of the parties. The defendant is correct in that partition in kind has long been favored over partition by sale. *Wilcox* v. *Willard Shopping Center Associates,* supra, 325–26; *Borzencki* v. *Estate of Stakum,* 195 Conn. 368, 372, 489 A.2d 341 (1985). Nevertheless, as we discussed in section I, supra, a court may order a partition by sale if it would better promote the interests of the parties. Because of this preference for a partition in kind, the burden of proof is on the party requesting a partition by sale " 'to demonstrate that such a sale would better promote the owners' interests.' " *Borzencki* v. *Estate of Stakum,* supra, citing *Delfino* v. *Vealencis,* supra, 538. In order to prevail, the proponent must demonstrate that "(1) the physical attributes of the land are such that a partition in kind is impracticable or inequitable; and (2) the interests of the owners would better be promoted by a partition by sale." *Wilcox* v. *Willard Shopping Center Associates,* supra, 326; *Borzencki* v. *Estate of Stakum,* supra, 373; *Delfino* v. *Vealencis,* supra, 537–38.

A court must first determine the practicability of a physical partition. The defendant's expert and the topography suggest that the property could be divided into two parcels by drawing a north-south line.

Although a physical partition is practicable in this case, the court must also consider whether a partition in kind is equitable. "In order to resolve this issue, the consequences of a partition in kind must be compared with those of a partition by sale." *Delfino* v. *Vealencis,* supra, 539. In resolving this issue, the court must consider the interests of all of the tenants in common " 'and not merely the economic gain of one tenant, or a group of tenants.' " *Borzencki* v. *Estate of Stakum,* supra, 381; *Delfino* v. *Vealencis,* supra, 543; *Lyon* v. *Wilcox,* 98 Conn. 393, 395–96, 119 A. 361 (1923).

Here, the trial court found that a partition in kind would "severely diminish [the property] value both from a dollar aspect and a saleability aspect . . . division would make development less flexible and consequently the property would be less saleable and worth less." The court based its decision on a number of factors including that the highest and best use of the property would be for residential development, the amount of frontage along South Road, the topography, the existence of wetlands, the panoramic views of the Hartford skyline visible from only part of the property, and the interests and needs of the parties. It is within the court's discretion to order a partition by sale in light of the evidence before it, the attendant circumstances, general knowledge and a viewing of the property. See *Filipetti* v. *Filipetti,* 2 Conn. App. 456, 458–59, 479 A.2d 1229, cert. denied, 194 Conn. 804, 482 A.2d 709 (1984). The trial court's finding that partition by sale rather than partition in kind would better promote the interests of the parties was not an abuse of its discretion.

The judgment is affirmed and the case is remanded with direction to modify the judgment by fixing new dates for the sale and ordering the advertisement of the sale of the property.

In this opinion the other judges concurred.