[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for the partition of real estate known as23-25 Whitmore Street in Hartford. The property is a three family dwelling occupied on one floor by the defendants, Angela and Michael Slamon.
The plaintiff seeks a partition sale pursuant to General Statutes §§ 52-500 and 52-502.
The pertinent portions of these statutes read as follows:
§ 52-500 (a). Any court of equitable jurisdiction may, upon the complaint of any person interested, order the sale of any property, real or personal, owned by two or more persons when in the opinion of the court, a sale will better promote the interests of the owners.
§ 52-502 (a). On any complaint for sale of real or personal property, the court in which the case is pending may make any order necessary to protect the rights of all parties in interest and to carry the sale into effect, (b) on any such complaint, the court may appoint a committee to make the sale . . ." CT Page 196
There is also statutory authority for the court to partition the property in kind and to appoint a committee to carry this out. General Statutes § 52-495. The case law requires such a procedure if the property may be practically divided physically and if the interest of all the owners would be better promoted.Board of Trustees v. Freedom of Information Commission,181 Conn. 533, 541, (1980).
In this case, however, neither of the owner parties seeks such a partition. Both agree that a sale is the proper remedy. They disagree, however, as to how the sale is to be carried out. The plaintiff seeks a committee sale by the traditional auction method. The defendants, Slamon, ask the court to order the sale through a real estate agent who, presumably, will obtain a higher price. These defendants claim that the court has such authority pursuant to § 52-502 (a) wherein the statute gives the court the authority to "make any order necessary to protect the rights of all parties in interest and to carry the sale into effect."
The Slamons have cited no case law or other authority for this claim, other than their assertion that such an order is equitably authorized.
It is clear that our Supreme Court has recognized that a sale should be ordered when it would promote the better interests of the owners. Gelb v. McKinney, 224 Conn. 219, 228, (1992). It is also clear that this is a property where partition in kind would be impractical. Rice v. Dowling, 23 Conn. App. 460 (1990).
The court is of the opinion that any sale ordered should be conducted pursuant to § 52-502. While the statute appears to give the court broad latitude in the fashioning of orders concerning the carrying out of the sale, it clearly contemplates the type of auction sale traditionally ordered by the courts.
A sale through a real estate agent which these defendants seek would be impractical and difficult to execute. It is therefore ordered that an auction sale be held which is to be conducted by a committee. The details of such sale will be entered in a subsequent order to be issued by this court.
Freed, J. CT Page 197