[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT OF PARTITION
 INTRODUCTION
This is an action for partition in kind. The plaintiffs, Mary Kubish and Stephen Kubish seek to partition three parcels of real property in Goshen, Connecticut. The plaintiffs and the defendants, Buzziena Zega, Helen Kubish and Josephine Kubish, are siblings. All five individuals own the properties as tenants in common. The parties request to be dealt with as two groups for the purpose of dividing the properties.
 FACTS
Attorney John Pickard, acting as the fact-finding committee, issued a comprehensive report which included findings of fact and two alternative recommendations regarding partition pursuant to Practice Book § 19-8. Both parties filed motions to correct the committee report, which the committee acted upon.
On March 2, 1965, Stephen and John Kubish purchased a piece of property, which is now known as the "Stephen-John Farm." The CT Page 5542 property consists of 267.15 acres. The plaintiffs paid $37,000 of the $45,000 purchase price.[1] John Kubish, now deceased, contributed $8,000 of the purchase price. A portion of these funds were utilized for the down payment.
John did not live on the property, but he occasionally worked there for approximately one year. Stephen Kubish now lives and operates a dairy farm on the Stephen-John parcel. Mary Kubish does not live on the farm, but she visits and at times assists with the operation. Mary contributed the balance of the purchase price and closing costs, but she did not own the property at the time of the purchase nor was she obligated on the mortgage note.
When John Kubish died intestate and unmarried, his fifty percent interest in the Stephen-John Farm passed equally to the each of the plaintiffs and defendants. The defendants, Helen and Josephine Kubish, have exclusive use and occupancy of what is known as the "Home Farm." The third parcel of property is referred to as the "Upton Morse" piece, an approximately six-acre, land-locked wooded area adjacent to the Home Farm.
The committee found that the two plaintiffs together currently own seventy percent of the Stephen-John Farm and the defendants own the remaining thirty percent collectively. The two plaintiffs own forty percent of the Home Farm and the defendants own the remaining sixty percent collectively. The plaintiffs own eighty percent of the land-locked Upton Morse piece, while the defendants own the remaining twenty percent collectively. The Stephen-John Farm is valued at $600,000, the Home Farm at $400,000 and the Upton Morse piece at $10,000.
Stephen Kubish has made his livelihood on the Stephen-John Farm and has had exclusive use and occupancy of the property. He has also paid taxes and other expenses on the farm. The defendants have had exclusive use and occupancy of the Home Farm, paying all taxes and expenses. The committee determined that the capital improvements made on the Stephen-John Farm have not contributed to the increase in its property value.
The committee made two alternative, non-binding recommendations to the court for partition. The first would credit the plaintiffs for their disproportionate percentage contribution for the acquisition of the Stephen-John Farm.[2]
The committee concluded that the plaintiffs contributed eighty-two percent of the $45,000 purchase price and therefore CT Page 5543 should receive that equitable percentage of the current value of the Stephen-John Farm ($492,000). The second alternative proposed by the committee would result in a partition of the Stephen-John Farm based solely on the plaintiffs' seventy percent legal interest.
Briefly stated, the defendants take the position that consideration of any equitable claim in this partition action is time-barred and inappropriate.
 DISCUSSION
General Statutes § 52-495 "gives discretionary authority to courts of equitable jurisdiction to order, upon the complaint of any interested party, the physical partition of any real estate held by tenants in common, and to appoint a committee to partition such property." Rice v. Dowling, 23 Conn. App. 460,463, 581 A.2d 1061 (1990), cert. denied, 217 Conn. 805,584 A.2d 1190 (1991) "A partition . . ., although a creature of statute, is an equitable action . . ." Gallant v. Cavallaro,50 Conn. App. 132, 137-38, 717 A.2d 283, cert. denied, 247 Conn. 936, ___ A.2d ___ (1998) "[Courts have] long favored partition in kind, or physical division, over partition by sale." Wilcox v. Willard Shopping Center Associates,208 Conn. 318, 325-26, 544 A.2d 1207
(1988).
Upon motion by one of the parties, the "court shall render such judgment as the law requires upon the facts in the report as it may be corrected . . ." Practice Book § 19-8. The court retains the power to render whatever judgment that appropriately follows from the facts found by a committee. See Dills v.Enfield, 210 Conn. 705, 713, 557 A.2d 517 (1989);Rostenberg-Doern Co. v. Weiner, 17 Conn. App. 294, 299-300,552 A.2d 827 (1989).
The defendants maintain that recognition of any enhanced equitable interest that the plaintiffs may have in the Stephen-John Farm is barred by the statute of nonclaim, General Statutes § 45-363. That statute provides in part, "[u]nless a person whose claim [against a decedent's estate] has been rejected (1) commences suit within one hundred days from the date of the rejection of his claim, in whole or in part, or (2) files a timely application pursuant to § 45a-364, he shall be barred from asserting or recovering on such claim from the fiduciary, CT Page 5544 the estate of the decedent or any creditor or beneficiary of the estate, except for such part as has not been rejected." General Statutes § 45a-363b. The defendants contend that because the plaintiffs did not commence suit against John Kubish's estate within one hundred days after the plaintiffs' claim was rejected, nor file a timely application, a partition judgment which recognizes an equitable interest must fail.
As previously stated, the partition action in the instant matter is between the five remaining siblings of John Kubish. "[A] claim for the recovery of specific property is not within the statute of nonclaim." (Citations omitted; internal quotation marks omitted.) Saradjian v. Saradjian, 25 Conn. App. 411, 418,595 A.2d 890 (1991). Accordingly, the court finds that the statute of nonclaim does not apply because the plaintiffs' claim is not for a debt, but rather the recovery of specific property.
The defendants also contend that the plaintiffs' action is barred under General Statutes § 45a-375, the statute of limitations provision for claims and suits brought against fiduciaries of a decedent's estate. Because this is an equitable partition of real property, and not a claim against a decedent's estate, § 45a-375 does not apply.
The court is the opinion that it is equitable for the plaintiffs to receive consideration for the extra $14,500 which they contributed to the purchase of the Stephen-John Farm.[3]
However, this consideration should not rise to the level as proposed by the committee, under the facts as found. In this regard, the committee determined that the improvements to the Stephen-John Farm did not contribute to the substantial increase in its value.[4] Rather, the apparent reason for the approximately 1,233 percent increase in the value of the Stephen-John Farm is the rising real estate market over the past thirty years.
In addition, a substantial portion of John Kubish's $8,000 contribution was utilized for the initial down payment necessary to acquire the property. Further, the committee's recommendation that determines that the plaintiffs own eighty-two percent of the equitable interest in the Stephen-John Farm would award the plaintiffs a disproportionate amount based on their $14,500 overpayment in the years following 1965.
The court renders judgment as the law requires upon the facts CT Page 5545 in the committee's report as corrected and after consideration of the plaintiffs legal and equitable interests. Because partitions in kind are favored over partitions by sale, and the parties desire to be treated as two entities, the plaintiffs are awarded the Stephen-John Farm and the defendants are awarded the Home Farm and the Upton Morse parcel.
Courts have recognized that if physical partition results in unequal value, a money award can be made to equalize the shares. See Filipetti v. Filipetti, 2 Conn. App. 456, 458, 479 A.2d 1229, cert. denied, 194 Conn. 804, 482 A.2d 709 (1984). The partition in this case will result in a overpayment of $12,000 owed by the plaintiffs to the defendants.[5] However, in recognition of the plaintiffs' greater contribution ($14,500 to the purchase price), they are entitled to an offset. This results in a balance of $2,500, which the defendants are ordered to pay the plaintiffs.
 CONCLUSION
The judgment of the court is that the plaintiffs are awarded the Stephen-John Farm and the defendants the Home Farm and the Upton Morse piece. The plaintiffs are entitled to an offset of $2,500. The parties shall prepare a judgment file in accordance with this memorandum of decision and present the judgment file to the court.
By the Court.
PETER EMMETT WIESE, JUDGE