[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Procedural Background
The plaintiff, Bruce Sclafani, initiated this action as a preliminary injunction to prevent the paving and pebbling of Gravel Island Road in New Canaan. The hearing for preliminary injunction never occurred and the plaintiff later withdrew count one for the preliminary injunction. The plaintiff filed a motion for summary judgment on his petition and on February 2, 2001, the court (Hickey, J.) granted partial summary judgment ruling that the plaintiff had an absolute right to a partition of the roadway.
The remaining issue of whether partition should be resolved by sale or by division was tried to the court on April 19, 2002. The parties submitted post trial briefs on this issue. The defendants counterclaimed and sought a permanent injunction and preservation of easements.
Factual Background
Gravel Island Road (the Road) is located off Valley Road in New Canaan, Connecticut and is owned in undivided one-third interests by the plaintiff, the Dwecks and the Morgans. Each of their residences fronts on the Road. In addition to common ownership, each of the families' deeds reference specific easements for use of the roadway, including unlimited rights of ingress and egress. In addition, to the easements to the three properties by the above named parties, two other families, the Brocks and the Fosters also had specific easements to traverse the Road although these latter parties had no proprietary interest in the Road. There are also utility easements over the Road. The Dwecks, Morgans, Brocks and Fosters are among the named defendants.
Sometime in 1996, without warning or advance notice, the plaintiff erected an enclosed batting cage which consisted of twelve feet high fencing on three sides with the fourth side constructed with a swinging locking gate. The batting cage was erected in the center of the Road in front of the Sclafani property. When the gate is closed, it prevents ingress and egress by vehicles and pedestrians along the Road. But even when the gate is open, ingress and egress is also prevented since at the north end of the batting cage the plaintiff pitched the soil with Belgian block above ground level. The plaintiff testified at the trial that it was 3 blocks high which was at least nine to twelve inches high. This block elevation effectively prevents any vehicle from traversing the Road without risking major damage to the under-carriage of the vehicle. In addition, the plaintiff testified that he installed a netting inside of the batting cage which overhangs from the top of the interior of the batting cage down to the ground. Steel pipes holding the netting are cemented in at the four corners of the cage. CT Page 7357
The plaintiff ignored the defendants' request to remove the batting cage.
The Law
An action for partition at common law is equitable in nature and requires the court to examine all relevant circumstances. Fernandes v.Rodriguez, 255 Conn. 47, 59, 761 A.2d 1283 (2000) which reversed the lower court, 54 Conn. App. 444, 735 A.2d 871, 450 (1999); Gaer Bros.,Inc. v. Mott, 147 Conn. 411, 415, 161 A.2d 782 (1960). The court must examine the particular situation of the parties which includes the physical attributes of the real estate and the interests of the owners.Rice v. Dowling, 23 Conn. App. 460, 466-67, 581 A.2d 1061, (1990) cert. denied, 217 Conn. 805, 584 A.2d 1190 (1991).
Regardless of whether a deed to a lot includes as an appurtenance, an easement across a private road, a buyer has an implied easement over the road. Stankiewicz v. Miami Beach Association, Inc., 191 Conn. 165, 169,464 A.2d 26 (1983); Lake Garda Co. v. D'Arche, 135 Conn. 449, 453,66 A.2d 120 (1949); Whitton v. Clark, 112 Conn. 28, 32, 151 A. 305
(1930).
Where there is a dominant estate, its rights pass to the successors.Peck v. Mackowsky, 85 Conn. 190, 193, 82 A. 199 (1912), Blanchard v.Maxson, 84 Conn. 429, 80 A. 206 (1911). An appurtenant easement confers distinct rights to the easement holder:
"Rights of access are, by nature, easements appurtenant to the land `A[n] easement appurtenant . . . attaches to the land and every part of it.' Murphy, Inc. v. Westport, 131 Conn. 292, 306, 40 A.2d 177 (1944). "An easement appurtenant lives with the land. It is a parasite which cannot exist without a particular parcel of realty. An appurtenant easement is incapable of existence separate and apart from the particular land to which it is annexed. . . . [An easement appurtenant] inheres in the land and cannot exist separate from it nor can it be converted into an easement in gross." 2G. Thompson, Real Property (1980) § 322, pp. 63-64. An appurtenant easement cannot be conveyed by the party entitled to it separate from the land to which it is appurtenant. Id. Further, because of the incorporeal nature of an easement appurtenant, its owner cannot be dis-seized or otherwise ousted of it; he can only be disturbed or CT Page 7358 obstructed in its enjoyment. Waterbury Trust Co. v. G.L.D. Realty Co., 121 Conn. 50, 53, 182 A.2d 466
(1936)." (Brackets in original; ellipsis in original).
Harkins v. Girouard Estates, Inc., 31 Conn. App. 485, 495, 625 A.2d 388
(1993).
Easements may be terminated by agreement, Richardson v. Fumbridge,111 Conn. 90, 149 A. 241 (1930); or where an egress grant is present by affirmative facts showing intentional abandonment, Friedman v. Westport,50 Conn. App. 209, 717 A.2d 797 cert. denied, 247 Conn. 937, 722 A.2d 1216
(1998); or by adverse possession, Public Storage, Inc. v. Eliot StreetLtd. Partnership, 20 Conn. App. 380, 567 A.2d 389 (1989).
No Connecticut case has been cited by either party for the proposition that a partition action could extinguish existing appurtenant easements such as utilities or egress and ingress. The court knows of no such Connecticut case.
Discussion
 1. The plaintiff is entitled to a partition as a matter of law.
The first issue to be disposed of is whether a partition should issue. This is easily dealt with on both substantive and procedural grounds. Substantively, the "right to a partition has long been regarded as an absolute right, and the difficulty involved in partitioning property and the inconvenience to other tenants are not grounds for denying the remedy." Fernandes v. Rodriguez, supra, 255 Conn. 55. Procedurally, the file reflects that on February 23, 2001, Hickey, J., entered summary judgment in favor of the plaintiff's right to a partition (entry #137). Leaving only the manner of partition for further proceedings. More than four months has passed since that judgment.
2. The partition will be in kind
The next issue is whether the partition should be an in kind division or by sale. The plaintiff notes that there is a presumption in favor of partition in kind, and a sale should only be ordered when an in kind partition is not feasible. Delfino v. Vealencis, 181 Conn. 533, 536,436 A.2d 27 (1980) ("It has long been the policy of this court, as well as other courts, to favor a partition in kind over a partition by sale."); Filipetti v. Filipetti, 2 Conn. App. 456, 458, 470 A.2d 1229, cert. denied 194 Conn. 804 482 A.2d 709 (1984). ("A sale will be ordered only when (1) the physical attributes of the land are such that a CT Page 7359 partition in kind is impracticable or inequitable, and (2) the interests of the owners will be better promoted by sale and a division of the proceeds of the sale according to their respective interests."); Fernandesv. Rodriguez, supra, 255 Conn. 59. "The presumption that partition in kind is in the best interests of the owners is, at least in part, founded on the premise that a sale of one's property without his consent is an extreme exercise of power warranted only in clear cases." Id., 47-48.
In the present case, a partition in kind is clearly the most logical remedy, as a physical division of the parcel in question is readily obtainable. No party has yet argued, nor could they reasonably, that the partition should be by sale.
The plaintiff argues that reserving an easement to the defendants is not a legally permissible remedy. See Plaintiff's Post Trial Brief, pp. 2-7, May 10, 2002. The court is aware that there are limitations on what the court can do in a partition in kind or sale. Fernandes v. Rodriguez, supra, 255 Conn. 57-58. Those limitations, however, pertain only to whether the partition is in kind or by sale.
The plaintiff concedes that utility easements will remain in place even after a partition stating "those rights would survive the partition and not be affected in any manner. . . ." See footnote 1, p. 3 of Plaintiff's Post Trial Brief. It would, therefore, be illogical not to have the other easement, to ingress and egress and repass, survive the partition by division. Easements deriving from a dominant estate remain in place even after a partition done by division. Though fee title is transferred, the obligation to honor easements remain. Those easements include the right to pass and repass over the Road in addition to the utility easements.
3. The line of division.
The plaintiff suggests that the proper line to draw would be the extension of the Dweck/Sclafani property line straight up through the land held in common by the parties. See plaintiffs trial Ex. 1. That would give the plaintiff an additional 3, 131 square feet. Plaintiff's Post Trial Brief p. 9. The plaintiff also suggests monetary compensation in the amount of $7500 to be provided to the defendants if the land is partitioned as per the plaintiff's request.
In order to invoke the equitable powers of the court, the party seeking to do so must have clean hands and must have acted equitably. Thompsonv. Orcutt, 257 Conn. 301, 777 A.2d 670 (2001). Mr. Sclafani admitted at trial that he erected the batting cage on his own, without notice or warning to, or consultation with, any of his neighbors. His unilateral conduct was wrong and interfered with his neighbors' rights. A party CT Page 7360 acting in such a manner will not be permitted to invoke the equity powers of this court.
The court draws the line on the Road for partition as per plaintiff's trial Ex. 14 where the easement width is listed as 42.07. (Copy attached). As represented by plaintiffs counsel at trial, this line on Ex. 14 sets the 1/3 cut line for his client. The plaintiff will receive exactly, a 1/3 or 33.1/3 percent fee interest in the Road through his property, i.e., 1/3 of the total Road square footage of 41,314. All the existing easements will continue as before and easements are unaffected by the property transfer. The defendants' right of access to the road over the Sclafani property will be restored by removal of the batting cage by the plaintiff, no later than 30 days from the date of this decision. The plaintiff is permanently enjoined from interfering with the defendants' easement rights.
So Ordered.
DOWNEY, J.