ANDREW MCCORISON ET AL. *v.* BERTHA
WARNER ET AL.

Superior Court, Judicial District of Hartford
File No. CV-02-0816497S

Memorandum filed August 10, 2004

*Brignole & Bush,* for the plaintiffs.

*Raymond J. Devlin, Jr.,* for the named defendant et al.

*O'Connell, Flaherty & Attmore,* for the defendant Daniel B. LeGeyt et al.

HON. SAMUEL FREED, JUDGE TRIAL REFEREE. This is an action brought by the plaintiffs, Andrew McCorison, Ruth Pellegato, Nancy Provencher, James McCorison, Clara Johnson and Diane Andreason, seeking partition of land comprising more than 200 acres of farmland known as the LeGeyt Farm located in Barkhamsted on East Hartland Road and Hayes Road.

This partition action is brought pursuant to General Statutes § 52-495, which provides in relevant part: "Courts having jurisdiction of actions for equitable relief may, upon the complaint of any person interested, order partition of any real property held in joint tenancy [or] tenancy in common . . . ."

The plaintiffs seek a partition by sale, which is governed by General Statutes § 52-500 (a), which provides in relevant part that "[a]ny court of equitable jurisdiction may, upon the complaint of any person interested, order the sale of any property, real or personal, owned by two or more persons, when, in the opinion of the court, a sale will better promote the interests of the owners. . . ."

The property has been designated by the defendant present owners and their grantors (all part of the same family) as three different parcels. The largest lot is called the Ledge Lot and is known as Nos. 500 and 504 East Hartland Road and comprises between 115 and 155 acres.[1] It includes a small house on a separate lot of seventeen acres known as the schoolhouse.

The second designated lot has been called the House Lot and is located at No. 36 Hayes Road and comprises between seventy and eighty-five acres. The smallest lot has been called the Colt Lot. It comprises approximately

---

[1] The actual recorded legal description is attached to this memorandum of decision as appendix A.

fifteen acres and is located at No. 497 East Hartland Road.

All of the parties to the present case are descendants or heirs of Ira LeGeyt. There are twenty-two parties aligned in what might be called five groups. All but those parties owning a 3.56 percent interest in the property have appeared and taken a position on the ultimate disposition of the property. The appearing parties have stipulated as to their interests[2] and position on the ultimate disposition of the property as follows and have adopted the ensuing designations:

Pro se parties and plaintiffs—42.87 percent—request sale.

Group of defendants represented by attorney Raymond J. Devlin, Jr. (Devlin defendants)—41.07 percent—request partition in kind.

Group of defendants represented by attorney Michael D. O'Connell (O'Connell defendants)—12.5 percent—request partition in kind.

Those defendants seeking a partition in kind disagree as to the actual ultimate partition.

I

THE FINDING OF THE FAIR MARKET VALUE OF THE PROPERTY

The court heard evidence from two appraisers as well as from Richard N. Shelansky, a defendant owner and occupier of the property. In addition, the court has viewed the property.

The court observed a large tract of pristine farmland with a view that probably exceeds thirty miles to the east. Undoubtedly, the property is very valuable and would be suitable for residential development as well as farmland.

---

[2] The interests of each party are set forth in appendix B.

The two appraisers, Robert S. Bartos and Peter Marsele, testified at trial. Both are highly qualified appraisers.

Both Marsele and Bartos were in agreement as to the value per acre of the land but disagreed as to the actual amount of acreage. Marsele was the assessor for the town of Barkhamsted in the 1950s. He testified that the acreage determination used by his office was by scientific calculations as opposed to estimates used by the recorded deeds. This court, therefore, accepts Marsele's testimony on this point and finds the total acreage of the land in the present action to be 255 acres.

The following table sets forth the accepted number of acres in each of the three parcels and their value, according to the appraisers, which the court finds as the fair market value of the property.

| Ledge Lot | 155 acres | $10,000 per acre | $1,550,000 |
| House Lot | 85 acres | $18,000 per acre | $1,530,000 |
| Colt Lot | 15 acres | $15,000 per acre | $ 225,000 |
| Total Fair Market Value | | | $3,305,000 |

## II
## THE ARGUMENT FOR A PARTITION IN KIND

The law in Connecticut favors partition in kind over a partition by sale. *Delfino* v. *Vealencis*, 181 Conn. 533, 536, 436 A.2d 27 (1980). The question before the court is whether the physical attributes of the land make such partition impracticable or inequitable and whether the interests of the owners would be better promoted by a sale. *Rice* v. *Dowling*, 23 Conn. App. 460, 466, 581 A.2d 1061 (1990), cert. denied, 217 Conn. 805, 584 A.2d 1190 (1991).

It should be noted that a majority in interest of the owners (Devlin and O'Connell defendants) constituting 53.57 percent, favor a partition in kind. Those individuals have voiced a desire and interest to keep the land as farmland and preserve it in its natural state.

The court's first choice in solving this problem is, indeed, to partition the land in kind as an ideal solution. Unfortunately, the court also finds severe obstacles both in law and fact to achieving this end.

## III

### THE INEQUALITY OF TWENTY-TWO INDIVIDUAL OWNERS RECEIVING PARTITIONED PARCELS

Although the property presently consists of three unequal parcels of land owned in common by twenty-two people, any attempt to divide it into twenty-two parcels of different sizes would be totally impractical, if not physically impossible, even if equality between the owners could be achieved thereby.

The nature of the land varies drastically from steep ledge to wetlands to quality buildable land. The court could not possibly make such a division and be equitable in such a solution, since it cannot partition the property to groups without their consent. The court must terminate the ownership relationship between the parties. *Wilcox* v. *Willard Shopping Center Associates*, 208 Conn. 318, 326, 544 A.2d 1207 (1988).

## IV

### IS A MIXED DECREE OF PARTIAL PARTITION IN KIND AND PARTIAL PARTITION BY SALE PERMITTED?

The O'Connell defendants have suggested to the court that it formulate a decree of an in kind partition of the House Lot and Colt Lot and order a sale of the Ledge Lot. This would permit retention of the land by those who desire it and cash payment to those who want a sale of the property.

Putting aside the probable inequities resulting to the parties from this proposal, the court is of the opinion that such a mixed decree is not sanctioned by Connecticut law.

The proponents have cited numerous cases from other jurisdictions that do apparently permit such a decree. Our courts, however, are clear that the only decree permissible is one of partition in kind or by sale. *Klaus* v. *Klaus*, 143 Conn. 218, 221, 121 A.2d 283 (1956). Similarly, such a decree is prohibited by the rule against owelty, as will be discussed.

## V

### CAN THE COURT CONSIDER ORDERING IN KIND PARTITIONS OF TWO PARCELS OR EVEN ALL THREE PARCELS EQUALIZED TO THE PARTIES BY ORDERING PAYMENT TO THOSE PARTIES RECEIVING LESS THAN FAIR MARKET VALUE FOR THEIR SHARE OF THE PROPERTY IN THE FORM OF OWELTY?

Although the O'Connell and Devlin defendants have made the foregoing suggestion, the court is of the opinion that owelty payments of this nature are not permitted under Connecticut law and, further, that even if such payments were permitted, there is no evidence before the court as to the ability or inability of those parties who would be required to make cash payments to other parties on amounts such as $188,126 and $172,637, which such a suggested partition would require.

As to owelty payments, the defendants have cited cases from other jurisdictions permitting such payments to equalize the results of inequitable partitions in kind. Our Supreme Court, however, has spoken clearly on this issue. This court can make no orders in a partition action requiring a party to deed their interests to another party in exchange for money (except for *minor* inequities). *Fernandes* v. *Rodriguez*, 255 Conn. 47, 55–60, 761 A.2d 1283 (2000); see also *Kubish* v. *Zega*, 61 Conn. App. 608, 620, 767 A.2d 148, cert.

denied, 255 Conn. 949, 769 A.2d 62 (2001). Payments of $188,126 and $172,637 can hardly be considered minor inequities.

This court finds, therefore, that partition in kind cannot be achieved under the circumstances of the present case and that partition by sale is the only practical as well as lawful judgment that can be awarded. Partition in kind would be inequitable. The best interests of the owners would be served with a partition by sale. *Delfino* v. *Vealencis*, supra, 181 Conn. 438; *Rice* v. *Dowling*, supra, 23 Conn. App. 464.

## VI

## THE COURT HAS THE OPTION TO ORDER A PUBLIC OR PRIVATE SALE

The law appears to be clear that the court may order a private sale pursuant to § 52-500 as long as at least one of the parties desires a private sale. *Giulietti* v. *Giulietti*, 65 Conn. App. 813, 855, 784 A.2d 905, cert. denied, 258 Conn. 946, 947, 788 A.2d 95, 96, 97 (2001). In the present case, the O'Connell group of defendants, for one, has indicated its desire for a private sale.

Marsele testified that selling the property at auction would have a detrimental effect, at least, on the Ledge Lot. It is the court's opinion that a private sale as a first offering to the public would be the preferable choice. If it is unsuccessful, the court will order a public sale.

The order of the court, therefore, is that the parties may submit the name of a recommended broker or brokers to the court within thirty days. The court will then select the broker to place the entire property on the market. The court would consider a piecemeal sale. The broker may be hired for a maximum period of six months. The broker's term may be extended by the court for an additional six months or the court may choose to select another broker.

After a one year period, the court will consider a public sale or may extend the private sale for an additional one year period if at least 25 percent of the parties so desire.

Any proposed sale shall be subject to review and approval of the court, which shall retain jurisdiction of the present case until the sale of this property is finally concluded, at which time the proceeds shall be distributed in accordance with the respective percentage of ownership of the parties (Appendix B).

## VII

## THE CLAIM AGAINST SHELANSKY

The second count of the plaintiffs' complaint (as amended) seeks money damages from Shelansky for his use and occupancy of a small building on the LeGeyt farm known as the schoolhouse, and also for his farming activities and the growing of produce on the farm.

Shelansky acknowledged at trial that he has been living and farming the premises for several years but claims to have paid the insurance and taxes. Some taxes are still outstanding on the entire property. Shelansky is ordered to pay all taxes due on the lists of 2001 and 2002. It is difficult to place a value on Shelansky's use of the schoolhouse property. The court has viewed it from both the exterior and interior. Although some witnesses placed a monthly rental value of $500 on the house, the court finds its value to be no more than $250 per month and orders this payment, which is to be retroactive for one year ($3000).

Shelansky is also ordered to pay this money commencing immediately into a fund to be administered by the plaintiffs' attorney or, if he declines appointment, by a court-appointed committee. Moneys in this fund are to be applied to insurance and taxes on the property, and Shelansky's payments shall continue as long as he resides on the property.

An appraisal fee is awarded to Bartos in the sum of $7650 and to Marsele in the sum of $500.

Judgment may enter accordingly.

## Appendix A

FIRST PIECE: Containing seventy (70) acres, more or less, and being bounded Northerly by land now or formerly of George Cleveland and by land now or formerly of Simon Pederson, partly on each; Easterly by land now or formerly of Simon Pederson; Southerly by a public highway; and Westerly by a public highway.

SECOND PIECE: Containing sixty (60) acres, more or less, and being bounded Northerly by the School House Road, so called, by a public highway and by land now or formerly of George Cleveland, C.H. Gower and Clara E. Clark and land now or formerly of Jennie Avery, partly by each; Easterly by land now or formerly of Jennie Avery, land now or formerly of John O. Enders and land now or formerly of Stanley Dimock, partly by each; Southerly by land now or formerly of John O. Enders and other land of C.N. LeGeyt, partly by each.

THIRD PIECE: Containing seventy (70) acres, more or less, and being bounded Northerly by land now or formerly of George Cleveland; Easterly by a public highway; Southerly by a public highway,

by School House Road so-called, and by land now or formerly of the State of Connecticut, together with a public highway running through the same, recorded in Barkhamsted Land Records, Vol. 34, Page 542, 543, 544.

Included in the third piece is a small parcel of land with a school house thereon deeded to Ira and Cora LeGeyt by the Town of Barkhamsted and recorded in the Barkhamsted Land Records Vol. 39, Page 458.

## Appendix B

| Name | Fractional Share Owned | Decimal Equivalent |
|------|------------------------|--------------------|

### Plaintiffs: Clients of Attorney Timothy Brignole

| Name | Fractional Share Owned | Decimal Equivalent |
|------|------------------------|--------------------|
| Andrew McCorison | 1/32 | .03125 |
| Ruth Pellegatto | 1/32 | .03125 |
| Nancy Provencher | 1/32 | .03125 |
| James McCorison | 1/32 | .03125 |
| Clara Johnson | 1/8 | .1250 |
| Diane Andreason | 1/8 | .1250 |
| TOTAL PLAINTIFFS' SHARE | | .3750 or 37.5% |

### Defendants: Clients of Attorney Raymond J. Devlin, Jr.

| Name | Fractional Share Owned | Decimal Equivalent |
|------|------------------------|--------------------|
| Bertha Warner | 1/4 | .2500 |
| Richard N. Shelansky | 1/16 | .0625 |
| Gary G. Shelansky | 1/16 | .0625 |
| Irene Tirillo | 1/56 | .01785 |
| Marie Constable | 1/56 | .01785 |
| TOTAL DEVLIN DEFENDANTS' SHARE | | .4107 or 41.07% |

### Defendants: Clients of Attorney Michael D. O'Connell

| Name | Fractional Share Owned | Decimal Equivalent |
|------|------------------------|--------------------|
| Timothy B. LeGeyt | 1/48 | .0208 |
| Daniel B. LeGeyt | 1/48 | .0208 |
| Phillip D. LeGeyt | 1/48 | .0208 |
| Walter B. LeGeyt | 1/48 | .0208 |
| Matthew B. LeGeyt | 1/48 | .0208 |
| Cora B. Mutch | 1/48 | .0208 |
| TOTAL O'CONNELL DEFENDANTS' SHARE | | .1250 or 12.5% |

| | | |
|---|---|---|
| Joan Jaroch | 1/56 | .01785 |
| Olive King | 1/56 | .01785 |
| Linda Leaser | 1/56 | .01785 |
| Karen Mirick | 1/56 | .01785 |
| Martha Vassallo | 1/56 | <u>.01785</u> |
| TOTAL NONAPPEARING DEFENDANTS' SHARE | | .0893<br>or 8.93% |