FREDERICK W. KLAUS *v.* JEAN E. KLAUS

INGLIS, C. J., BALDWIN, O'SULLIVAN, DALY and BORDON, Js.

Argued December 7, 1955—decided February 28, 1956

*Irving E. Stroh,* for the appellant (plaintiff).

*Gordon R. Raynor,* with whom, on the brief, was *David E. FitzGerald, Jr.,* for the appellee (defendant).

DALY, J. In this action the complaint contained two counts, the first alleging breach by the defend-

ant of a joint enterprise agreement and the second alleging that the parties, as joint tenants with right of survivorship, owned real property in the town of North Haven. The plaintiff sought an accounting and a partition or sale of the real property. He has appealed from a judgment for the defendant on both counts and from the court's denial of his motion to open the judgment.

As the plaintiff is pursuing only the assignments of error which are related to the second count and the denial of his motion, we confine our discussion to considerations apposite to these two matters. The court found the following facts, which are not challenged. The plaintiff and the defendant were married on September 19, 1936. Two boys, issue of the marriage, were born on May 19, 1942, and June 28, 1947, respectively. The parties separated on February 15, 1951. They are the joint owners, with right of survivorship, of a one-family house of four rooms in North Haven. The defendant and the two boys live in the house. Since the separation, the plaintiff has lived elsewhere. This case and another, in which the plaintiff was granted a divorce, were tried together. Both orally, during the taking of testimony, and in a brief filed at the conclusion of the trial, the plaintiff adopted the position that the best interests of the children would not be served by a partition sale.

The plaintiff contends that the court erred in concluding that he abandoned his claim for a partition by sale. The appendix to the brief of each party contains the pertinent colloquy between the court and the plaintiff's counsel. It indicates that the court inquired whether the plaintiff intended to pursue the prayer, in his complaint in the divorce action, that the custody of the minor children be

awarded to him, even if the defendant would have facilities for caring for them and the plaintiff would not. The court added that it assumed that if any partition judgment could be rendered, neither party would thereafter have such facilities. The following question was then asked of the plaintiff's counsel. "Is this plaintiff seriously urging that the roof be taken from both of these children's heads in the partition?" Counsel for the plaintiff then stated: "We ask for partition of it, but I will incorporate in my written argument a request that the defendant be given, if judgment should be entered for the plaintiff on partition, a period of time during which she may negotiate with the bank that now holds the mortgage in an effort to get enough money to pay the plaintiff. That may be determined by an appraiser the Court may appoint." The request of the plaintiff for a modified form of judgment ordering a partition by sale was contained in the concluding portion of his written argument to the trial court.[1] In his complaint he prayed for a partition by sale. His counsel, in court and in the written argument,

---

[1] "REQUEST FOR PARTITION IN A MODIFIED FORM: The house owned by the parties is worth conservatively $12,500. The present mortgage balance is $2,187.35. This would place the plaintiff's interest at $5,206.32, if an equal partition were ordered by the court. It should be quite easy for the defendant to obtain a new mortgage in the amount of $7,500.00 or more, in order to pay over to the plaintiff his share of the value of the house and still allow the defendant to retain ownership so as to have a home for herself and her children.

"Therefore, if the Court should decide that the plaintiff is entitled to a partition of the house by sale, the plaintiff requests that the Court appoint three appraisers to establish the fair value of the house. The court shall then order the defendant to make arrangements for refinancing the house within one month of the entry of judgment. Upon the defendant's failure to make such arrangements within the time allowed, then the Court shall order a partition by sale, as provided by statute."

requested that if the court rendered judgment ordering a partition, it be a partition by sale and also that the judgment contain other provisions. It is true, as stated in the memorandum of decision, that the two modes of relief within the power of the court, under §§ 8231 and 8236 of the General Statutes,[2] are partition by division of the real estate and partition by sale. *Johnson* v. *Olmsted,* 49 Conn. 509, 517.

The court was not empowered to render a judgment containing an order for a partition sale of the jointly owned premises and, in addition thereto, the other requested provisions. However, the plaintiff, by requesting the inclusion of the additional provisions in the judgment and by expressing his feeling that the best interests of the children would not be served by a partition sale, did nothing more than commendably suggest that a judgment ordering such a sale provide that it would not be had if the defendant, within a limited time and at a set price, purchased the plaintiff's interest in the property. He endeavored to support the request of the defendant for an opportunity, by becoming the sole owner of the property, to keep it as a home for herself and the children. In other words, the most

---

[2] "Sec. 8231. PARTITION OF JOINT AND COMMON ESTATES. Courts having jurisdiction of actions for equitable relief may, upon the complaint of any person interested, order partition of any real estate held in joint tenancy, tenancy in common or coparcenary, and may appoint a committee for that purpose, and may in like manner make partition of any real estate held by tenants in tail; and decrees aparting entailed estates shall bind the parties and all persons who shall thereafter claim title to such estate as heirs of their bodies."

"Sec. 8236. SALE OF REAL OR PERSONAL PROPERTY OWNED BY TWO OR MORE. Any court of equitable jurisdiction may, upon the complaint of any person interested, order the sale of any estate, real or personal, owned by two or more persons, when, in the opinion of the court, a sale will better promote the interests of the owners...."

that the plaintiff did was to offer to abandon his claim for a partition by sale on condition that the court render judgment in accordance with the plan suggested by him. Inasmuch as the court could not render such a judgment, the condition was not met. The court erred in concluding that the plaintiff abandoned his claim for a partition sale and that judgment should be rendered for the defendant on the second count.

The result reached by us makes it unnecessary to discuss the other assignments of error and the plaintiff's claim that the court erred in denying his motion to open the judgment.

There is error in part, the judgment is affirmed except as regards the second count, and as to that count only a new trial is ordered.

In this opinion the other judges concurred.