[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Raymond and Dena Birdsell, are the owners of a one-half interest in certain premises in Canterbury, Connecticut. The owner of the other half interest is Mary K. Lomb arty, the defendant. The plaintiffs allege that both parties acquired their respective interests from William and Rena Bradlaw on November 30, 1989, by two separate deeds, each conveying an undivided one-half interest.
The plaintiffs represent that, initially, the three parties lived in CT Page 3132-bi the house together. In order to finance the house, the plaintiffs paid a total of $27,000; the defendant paid $50,000; and the three of them took out a mortgage for $54,000. In accordance with an agreement of the parties, the plaintiffs were to contribute $467 toward the mortgage, interest and taxes, and the defendant was to contribute $116 toward the mortgage, interest and taxes. This arrangement went along nicely until an apparent falling out between the parties. It appears that in July, 1993, the defendant moved out and has not been seen since. The plaintiffs believe that the defendant moved to St. Petersburg, Florida. She has only constructive notice of these proceedings.
Since the time that the defendant vacated the premises, the plaintiffs have not pursued her for payments, and they have enjoyed the unrestricted use and possession of the premises until the present time. Now, the plaintiffs seek to have the property sold and ask the court to do the following: add up all their payments for the mortgage, taxes, insurance, household maintenance and improvements; compare those figures to all of Mary Lombarty's payments (and non-payments); and order a disbursement of the sale proceeds, sixty-five percent to the plaintiffs and thirty-five percent to the defendant, rather than to divide the proceeds strictly in accordance with their respective legal interest. In the alternative, the plaintiffs ask that the court transfer title of the property to them for an undisclosed amount of money, which will somehow be paid to the defendant. The plaintiffs maintain that these proposed distributions and/or transfer of the property are in accordance with Fernandes v.Rodriguez, 54 Conn. App. 444, 735 A.2d 871 (1999) (after determining that the defendant's interest in certain property was minimal, the trial court properly exercised its discretion when it ordered the defendant to transfer his interest to the plaintiff in exchange for the payment of money).
The Appellate Court case to which the plaintiffs invite the court's attention, however, was reversed by the Supreme Court on appeal. SeeFernandez v. Rodriguez, 255 Conn. 47, ___ A.2d ___ (2000) (the only remedy in a partition action is partition in kind or partition by sale). The scheme of distribution proposed by the plaintiffs is therefore rejected.
The relief demanded is, however, granted in part. The court finds that a sale of the property would better promote the interests of the parties. The property sought to be partitioned, as more fully described in certain deeds marked Plaintiff's Exhibit #1, is ordered sold. Atty Jeffrey Low is appointed as a committee to meet with counsel for the plaintiffs and submit to the court a plan of sale designed to obtain the CT Page 3132-bj highest possible market value for the property. This plan may include a real estate listing for some period of time rather than a real estate auction.
The committee is also to make inquiry of friends, relatives and associates of Mary Lombarty in an attempt to determine the whereabouts of the defendant and to bring to her attention the pendency of this action. Upon the sale of the property, the court will determine the expenses of sale and determine what, if any, equitable considerations should apply to a distribution of the proceeds. See Fernandez v. Rodriguez, supra,255 Conn. 59-60. The court shall further enter an order with respect to the investment of the defendant's proceeds as it deems necessary for the security of those proceeds.
Judgment may enter accordingly,
Foley, J.