[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for the partition of real estate brought under the provisions of C.G.S. § 52-495. In her complaint, the plaintiff alleges that she and the defendant each hold an" undivided one-half interest in certain real property situated in the City of New London. It is alleged that the property is subject to certain encumbrances including a mortgage in the original amount of $36,000.00. The plaintiff seeks a partition of the property, but if a sale of the property would better promote the CT Page 11091 interest of the co-owners a sale of the premises and a division of the assets. The complaint also requests the appointment of a committee to make the sale.
Defendant filed an answer and counterclaim for money damages for which a reply and special defense was filed.
The matter came to trial and a judgment was rendered on September 12, 1997. In its decision, the trial court found that the defendant had only a minimal interest in the property and ordered the relief of a payment of money to the defendant by the plaintiff and required the defendant to quit-claim his interest in the property to the plaintiff. The Appellate Court reversed in part upholding the basic decision but remanded the case for a further proceeding to determine the amount to be paid to the defendant. Fernandez v. Rodriguez, 54 Conn. App. 444 (1999).
Upon appeal, the Supreme Court reversed the decision of the Appellate Court and ordered a new trial. In its decision, the Supreme Court held that the trial court did not have the equitable power to order the defendant to convey his interest in the property and the plaintiff to pay money damages to the defendant. Fernandez v. Rodriguez, 255 Conn. 47, 53
(2000). The Supreme Court concluded "that in a partition action, one joint tenant or tenant in common cannot dispossess another except by partition in kind or partition by sale." Id., 54-55.
Upon retrial, the following facts pertinent to the issue of partition or sale are found. The plaintiff and the defendant each hold a one-half interest in real property at 171 Pequot Avenue in the City of New London. The deed to this property which contains the legal description is recorded in the land records of the City of New London in Vol. 913, p. 312. The market value of the property is $150,000.00. The property is subject to a first mortgage in the approximate amount of $34,235.39 and such other encumbrances as may appear of record.
The property consists of a 100 year old two-story dwelling situated on a small lightly sloped lot. The building has a first floor apartment with two other smaller apartments. Whatever the relationship between the owners may have been, it must be concluded that at present much ill-will exists between then and that the probability of their enjoying separate areas of the property together, in peace, does not exist.
Considering all of the above factors, it is found that a physical partition of the property is impractical and would not promote the best interests of the parties.
Accordingly, judgment will enter ordering the sale of the property by CT Page 11092 committee of sale.
Lori Hellum, Esq. is appointed as committee of sale. November 3, 2001 at 12:00 noon is established as the sale date and time. The committee is directed to place a suitable sign on the premises by September 15, 2001 and to advertise the sale in the New London Day on October 21, 2001 and October 28, 2001.
Terms of the Sale
$15,000.00 Bank Draft or Certified Check at the time of sale, balance and approval of sale and deed by the court. Deposit forfeited if closing does not take place within 30 days after the court's approval of sale. Liability and hazard insurance is authorized for the date of sale.
The case will be continued pending sale and approval of the sale by the court. Upon approval of the sale, the net proceeds of the sale will be distributed by the court in accordance with the respective interest of the parties based upon the evidence introduced at trial. Id., 53-54 Note 4.
Joseph J. Purtill, Judge Trial Referee