[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION
Having awarded attorneys fees to the plaintiff the court must now determine whether it has the power to allocate this award to the interest of Frank Palumbo in the proceeds of the partition sale.
To this end the court ordered the plaintiff to file a supplemental memorandum of law addressing this issue. The court is unpersuaded that either § 52-495 or 52-580 confer the necessary power on the court to CT Page 13256 do so.
A review of the case law indicates that the power of the court to make adjustments in the respective amounts to be distributed to the co-owners in accordance with equitable principles derives from the conduct of the parties during the period of their co-ownership not from events which have transpired because of the litigation. The remedy of reduction of the defendant's share by the amount of the attorney's fees "falls outside the realm of partition . . . by sale and is [are] not legally permissible."Fernandes v. Rodriguez, 255 Conn. 47, 58 (2000).
For example, our Supreme Court has denied the trial court the power (i) to convert a shopping center to condominium form of ownership, Wilcox v.Willard Shopping Center, Association, 208 Conn. 318, 324 (1988); (ii) to order a co-owner to convey his fractional interest in the property to the other co-owner, Fernandez v. Rodriguez, supra; (iii) to permit a co-owner time to obtain financing sufficient to fund the purchase of the other co-owner's interest. Klaus v. Klaus, 143 Conn. 218 (1956).
In conclusion the plaintiff must resort to conventional means to collect the attorney's fees.
MOTTOLESE, J.