[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On October 5, 2000, the plaintiff, Kenneth Bove, filed a complaint against the defendants, Howard and Douglas Bove, for the partition or sale of real estate. The plaintiff and defendants own a small cottage located at 511 Brandy Hill Road in Thompson, Connecticut, and a ranch style home located at 476 Woodstock Avenue in Putnam, Connecticut. The properties are owned by the plaintiff and the defendants as tenants in common. The plaintiff alleges that Howard W. Bove assumed control of both pieces of property and obtained rental income from the properties without accounting to the plaintiff or Douglas Bove. The plaintiff further alleges that the properties have been neglected and allowed to fall into disrepair. The plaintiff seeks either a partition in kind or a partition by sale if the court finds that it would better serve the interests of the parties. The plaintiff also seeks an accounting of the rents and damages for excluding the other owners from the property and committing waste on the property.
The court dismissed the action as to Howard Bove on November 9, 2000. Subsequently, the court found that Howard Bove did have actual notice of the pendency of the partition action. Although the court dismissed the case for lack of personal jurisdiction over Howard Bove, the court retains jurisdiction over the land and, therefore, the court may partition the land. "A state has power to exercise judicial jurisdiction to determine pre-existing interests in land in the state although a person owning or claiming these interests in the land is not personally subject to the judicial jurisdiction of the state." 1 Restatement CT Page 2539 (Second), Conflict of Laws, § 59, p. 62 (1989 pocket part). "A and B are tenants in common of land in state X. In accordance with a statute of X, A brings an action in X for partition. B is not personally subject to the jurisdiction of X. The court may exercise jurisdiction to decree a partition of the land." 1 Restatement (Second), Conflict of Laws, § 59, Comment a (2), p. 63 (1989 pocket part).
Following the hearing in damages on November 5, 2001, the court entered a default for failure to appear against Howard Bove. At the hearing in damages, Kenneth Bove testified that Howard Bove removed belongings from the property and is renting the property. According to Kenneth Bove the small cottage located on the Thompson property has deteriorated so badly that it is uninhabitable. Kenneth Bove made repairs to the cottage and submitted an accounting of all his expenses. The court finds the testimony of Kenneth Bove to be credible and concludes that a partition of the properties is the proper remedy.
"The right to partition is well settled and its history has been documented thoroughly. . . . The right to partition has long been regarded as an absolute right, and the difficulty involved in partitioning property and the inconvenience to other tenants are not grounds for denying the remedy. No person can be compelled to remain the owner with another of real estate, not even if he become[s] such by his own act; every owner is entitled to the fullest enjoyment of his property, and that can come only through an ownership free from dictation by others as to the manner in which it may be exercised. Therefore, the law afford[s] to every owner with another relief by way of partition." (Citation omitted; internal quotation marks omitted.) Fernandez v.Rodriguez, 255 Conn. 47, 55, 761 A.2d 1283 (2000). "Currently, any person holding real property as a joint tenant, tenant in common, coparcener or tenant in tail has a right to partition pursuant to § 52-495." Id., 56.
"Due to the frequent impracticality inherent in actual division, however, all states, except Maine, have, by statute, expanded the right to permit a partition by sale under certain circumstances." Fernandez v.Rodriguez, supra, 255 Conn. 56. "In those cases in which the trial court concludes that a sale of the property would better promote the interests of the owners, § 52-500 authorizes the court to order such a sale." Id., 57. General Statutes § 52-500 (a) provides: "Any court of equitable jurisdiction may, upon the complaint of any person interested, order the sale of any property, real or personal, owned by two or more persons, when, in the opinion of the court, a sale will better promote the interests of the owners."
In the present case, the court finds that a partition by sale would CT Page 2540 better promote the interests of the owners. The evidence shows that a partition in kind would be impractical. The properties, as more filly described in the appraisals, are ordered sold. (Plaintiff's Exhibits B C.) Attorney Anne Hoyt is appointed as a committee to meet with counsel for the plaintiff and submit to the court a plan of sale designed to obtain the highest possible market value for the property. This plan may include a real estate listing for some period of time rather than a real estate auction. The committee shall also notify Howard Bove and Douglas Bove of the pendency of this action and the decision of this court. Upon the sale of the property, the court will determine the expenses of sale and determine what, if any, equitable considerations should apply to a distribution of the proceeds.
____________________ Foley, J.