[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
On September 25, 2002, the plaintiff, Custom Modular Industries, Inc., filed a three-count amended complaint against the defendants, Helen Juisto Mount and Trenton Mount, seeking damages from the defendants' alleged failure to perform under an option contract for the purchase of unimproved real estate from the defendants. At the time the parties entered into the option contract, both the defendants owned the property by virtue of a quitclaim deed dated September 13, 2000 and recorded January 22, 2001, in which Helen Mount conveyed the property to herself and Trenton Mount with right of survivorship.
In count one, which is against Helen Mount only, the plaintiff seeks specific performance because Helen Mount has refused to convey the property to the plaintiff in accordance with the option. The plaintiff alleges that Helen Mount represented herself as the sole owner of the parcel at the time the parties entered into the option contract in October 2001, and that the plaintiff validly exercised its option on February 26, 2002, and recorded it on April 2, 2002. In count two, which is also only against Helen Mount, the plaintiff alleges that Helen Mount fraudulently induced the plaintiff to enter into the option contract by representing herself to be the sole owner of the property. In count three, which is against Trenton Mount, the plaintiff seeks partition and sale of the property by virtue of its having become an undivided one-half tenant in common with the defendants via equitable conversion once it properly exercised the option to purchase.
The defendants filed a motion to strike all three counts of the plaintiff's complaint on October 4, 2002, on the grounds of legal insufficiency. On November 6, 2002, the plaintiff filed an objection to the motion to strike with an accompanying memorandum in opposition.
 DISCUSSION CT Page 3509
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "It is fundamental that in determining the sufficiency of a [pleading] challenged by a . . . motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.)Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "In ruling on a motion to strike, the court is limited to the facts alleged in the [challenged pleading] . . . If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "A motion to strike . . . does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Id., 588.
The defendants put forth two arguments in support of their motion to strike count one: 1) the remedy of specific performance cannot be granted in this case because the option to purchase purported to convey the entire parcel but was executed by only one of the two joint tenants, and 2) the option is invalid and unenforceable because the price cannot be ascertained with certainty.
In opposition, the plaintiff argues that specific performance is an equitable remedy and as such the court may enforce the option with an abatement if necessary despite the fact that Helen Mount was not the sole owner of the property at the time she entered into the option contract. Further, the plaintiff argues that whether the purchase price is unascertainable is a question of fact and thus not appropriate for a motion to strike.
"[T]he common characteristic of [joint tenancy relationships are that] the owners have no separate rights as regards any distinct portion of the land, but each is interested, according to the extent of his share, in every part of the whole land . . . A consequence of this form of ownership is that a cotenant can freely sell, lease or mortgage his own undivided interest in the whole of the property to a third party without the consent of the remaining cotenants . . . A cotenant may not, however, act unilaterally so as to bind the interest of his cotenant." (Citations omitted.) Ianotti v. Ciccio, 219 Conn. 36, 41, 591 A.2d 797
(1991). Both of the arguments the defendants advance in favor of their motion to strike count one would require the court to evaluate the terms of the option contract and decide the issues on the merits. "In ruling on CT Page 3510 a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). Because the defendants' arguments are inappropriate for a motion to strike, their motion to strike count one is denied.
The defendants move to strike counts two and three on the ground that the plaintiff failed to give them proper notice of its intent to extend the term of the option. With regard to the defendants' motion to strike count two and three, the plaintiff opposes the motion on the ground that the issue of whether it gave adequate notice of its intent to extend the option term is a question of fact and an improper ground for granting a motion to strike. Again, this ground would require the court to examine the actions of the parties and evaluate the language of the option which is not properly done in the context of a motion to strike. Id., 580. In a motion to strike, the court may only look to the sufficiency of the allegations and not the merits of the claim. Therefore, the motion to strike two and three on this ground is denied.
The defendants also move to strike count three on the ground that only an owner of property may petition the court for its partition and the plaintiff has not yet been determined to be an owner of the property. The plaintiff counters that partition is an equitable action and it is an equitable owner of the property pursuant to the option contract under the doctrine of equitable conversion. "[A]ny person holding real property as a joint tenant, tenant in common, coparcener or tenant in tail has a right to partition pursuant to § 52-495." Fernandes v. Rodriguez,255 Conn. 47, 56, 761 A.2d 1283 (2000). Section 52-495 of the General Statutes states that "[c]ourts having jurisdiction of actions for equitable relief may, upon the complaint of any person interested, order partition of any real property held in joint tenancy, tenancy in common, coparcenary or by tenants in tail." "Under the doctrine of equitable conversion a contract for the sale of land vests equitable title in the vendee." (Internal quotation marks omitted.) Fidelity Trust Co. v. BVDAssociates, 196 Conn. 270, 282, 492 A.2d 180 (1985). Accepting the plaintiff's allegation that it has equitable title to the property as true, which the court is required to do in the context of a motion to strike, the plaintiff has alleged facts that show that it has an interest in the property which could entitle it to bring a partition action. SeeEisenberg v. Tuchman, Superior Court, judicial district of Stamford, Docket No. 180652 (May 23, 2002, Hickey, J.). Despite not yet having a legal interest in the property, the plaintiff's allegation of equitable ownership is sufficient to overcome the defendants' motion to strike count three on this ground. Therefore, the motion to strike count three is denied.
White, J. CT Page 3511
[EDITORS' NOTE: This page is blank.] CT Page 3512